# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JANY RUI LOOSE,

            Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

            Defendant.

Case No. ED CV 17-02373 MAA

**ORDER REVERSING DECISION OF
THE COMMISSIONER AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

Plaintiff has filed a Complaint seeking review of the Commissioner's final decision denying her application under Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's decision is reversed, and this matter is remanded for further administrative proceedings.

## ADMINISTRATIVE BACKGROUND

On October 3, 2014, Plaintiff filed an application under Title II for a period of disability and Disability Insurance Benefits, alleging disability beginning on August 13, 2013. (Administrative Record ["AR"] 19, 169-77.) Plaintiff alleged

disability due to "stage 1 breast cancer," severe lower back pain, peripheral neuropathy, depression, cervical degenerative disease, "chemo fatigue," hypertension, bipolar disorder, migraines, and "cannot concentrate." (AR 59.) After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 96.) At a hearing held on October 11, 2016, Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert. (AR 34-58.)

In a decision issued on November 15, 2016, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (AR 21.) She had the following "severe" impairments: breast cancer, status post reconstructive and revision surgeries; degenerative disc disease of the cervical spine; degenerative joint disease of the lumbar spine; and sclerosis and degenerative joint disease of the bilateral hands. (*Id.*) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 24.) She had a residual functional capacity to perform light work (*id.*), thus enabling her to perform her past relevant work in account sales and as a receptionist (AR 28). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 28-29.)

On October 27, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

///

///

///

///

## DISPUTED ISSUES

The parties dispute the following two issues:

1.     Whether the ALJ properly assessed evidence of Plaintiff's fibromyalgia and properly found at step two that she did not have a "severe" mental impairment; and

2.     Whether the ALJ properly considered Plaintiff's subjective allegations about her symptoms.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for the second part of Issue One, based on the ALJ's finding that Plaintiff did not have a severe mental impairment at step

two.  It is therefore unnecessary to address the other issues.  *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) (declining to decide alternate issues where reversal otherwise is warranted); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 n.1 (9th Cir. 1997) (same).

## A.    Severity of Plaintiff's Mental Impairments (Issue One).

### 1.    Legal Standard.

Step two of the Commissioner's sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe.  *See* 20 C.F.R. § 404.1520(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe."  An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 404.1520(c).  In other words, an impairment is not severe "when medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have *no more than a minimal effect* on an individual's ability to work."  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (emphasis in original).  For mental impairments, examples of basic work activities are the ability to understand, carry out, and remember simple instructions; the use of judgment; the ability to respond appropriately to supervision, coworkers, and usual work situations; and the ability to deal with changes in a routine work setting.  *See* Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3.

Step two involves "a de minimis screening device to dispose of groundless claims."  *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  A finding of non-severity at step two must be "clearly established by medical evidence."  *See Webb*, 433 F.3d at 687.  If a claimant meets her evidentiary burden under step two's de minimis standard, an ALJ "*must* find that the impairment is 'severe' and move to the next step" in the

five-step evaluation. *See Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) (emphasis in original).

### 2. Background.

The medical record contained evidence of Plaintiff's mental impairments from three types of physicians. First, an examining psychiatrist, Dr. Unwalla, performed a complete psychiatric evaluation of Plaintiff. (AR 454-58.) Based on that evaluation, Dr. Unwalla concluded that Plaintiff had a mood disorder secondary to metastatic breast cancer, had "moderate" limitations in several areas of mental functioning, and had a "guarded" prognosis from a psychiatric standpoint. (AR 457-58.)

Second, two non-examining physicians, Dr. Brooks and Dr. Ying, assessed Plaintiff's level of mental functioning based solely on their review of her medical record. (AR 59-71, 73-84.) In pertinent part, they concluded that Plaintiff was "moderately" limited in some areas of mental functioning (AR 68-69) and had a "severe" affective disorder (AR 64, 79).

Third, Plaintiff's treating physicians, Dr. Awasthi and Dr. Chang, treated her for a variety of mental impairments. In pertinent part, Dr. Awasthi diagnosed a mood disorder with the possibility of bipolar disorder type 2 and attention deficit disorder, and he also found that Plaintiff had difficulty with concentration and mood swings that worsened with her breast cancer. (AR 320.) Dr. Chang diagnosed a major depressive disorder and commented that she has "very poor attention, difficulty concentrating, and hypervigilance in regard to her pain." (AR 550.) Dr. Chang also wrote that Plaintiff had "deficits with concentration, thought disorganization, forgetfulness and inability to complete tasks" that could be attributed to adult attention deficit hyperactivity disorder. (AR 574.)

At step two, the ALJ concluded that Plaintiff's mental impairments, either singly or in combination, were "nonsevere" because they imposed no more than a

minimal limitation in her ability to perform basic mental work activities. (AR 22.)
The ALJ also concluded that the medical evidence did not warrant a different
conclusion. (AR 23-24.) In particular, the ALJ attributed "little weight" to the
opinions of Dr. Unwalla, Dr. Brooks, and Dr. Ying, to the extent their opinions
were interpreted as a finding of a severe mental impairment. (AR 23-24.) The ALJ
also found, in pertinent part, that the treating medical evidence showed Plaintiff's
mental findings generally were "normal" and Plaintiff's depression was
"intermittent." (AR 23.)

### 3. Analysis.

As discussed below, Plaintiff presented sufficient evidence before the
Commissioner to clear the de minimis screening standard at step two for the Court
to conclude that her claim of disability based in part on a mental impairment should
not have been dismissed as groundless. *See Smolen*, 80 F.3d at 1290; *Webb*, 433
F.3d at 687. The ALJ's analysis of the medical evidence relevant to the severity of
Plaintiff's mental impairments did not warrant the opposite conclusion.

### a. opinions of the examining psychiatrist and non-examining physicians.

The ALJ collectively discussed and ascribed "little weight" to the opinions of
Dr. Unwalla, Dr. Brooks, and Dr. Ying, for what appear to be four reasons. (AR
23-24.) But before rejecting the opinion of Dr. Unwalla, an examining psychiatrist
whose opinion was not controverted, the ALJ was required to articulate clear and
convincing reasons. *See Edlund*, 253 F.3d at 1158-59 (citing *Lester v. Chater*, 81
F.3d 821, 830 (9th Cir. 1995)). Before rejecting the opinions of Dr. Brooks and Dr.
Ying, the non-examining physicians, the ALJ was required to "refer to specific
evidence in the medical record." *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th
Cir. 1998). As discussed below, the ALJ's reasons were not legally sufficient,

particularly in light of the demanding legal standard for rejecting the opinion of the examining psychiatrist.

First, the ALJ found that Dr. Unwalla "based his opinion on a one-time examination" of Plaintiff. (AR 23.) Under Ninth Circuit authority, however, the opinion of an examining physician, who in most circumstances will see a claimant only once, is sufficient by itself to establish severity at step two. *See Edlund*, 253 F.3d at 1159-60 (holding that the opinion of an examining psychologist was sufficient to satisfy the step two threshold). Thus, the fact that Dr. Unwalla saw Plaintiff only once was not a legally sufficient reason to reject his opinion about the severity of Plaintiff's mental impairments.

Second, the ALJ found that none of the three physicians had "the benefit of reviewing the medical record in its entirety." (AR 23.) Specifically, the ALJ found that more recent medical evidence showed Plaintiff's mental impairments "were essentially stable with medication." (AR 23 (citing AR 629, 636).) But that characterization is not supported by the medical evidence considered in its overall context. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasizing that a medical finding of improvement "must be read in context of the overall diagnostic picture the provider draws") (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)). The most recent medical evidence showed that, despite her compliance with medication, Plaintiff "continues to struggle with symptoms of depression and anxiety" (AR 638), that "her attention and concentration are quite impaired" (*id.*), and that she still has "difficulties with attention and concentration and focusing" (AR 647). Thus, the inference that Plaintiff's impairments were essentially stable with medication was unwarranted.

Third, the ALJ discounted the opinions of the three physicians because the record "did not reflect significant findings such as impaired memory recall, paranoia, hallucinations, or suicidal intent" (AR 23 (citing AR 303, 317).) This finding appears to be only partially accurate. The medical record did include

evidence of impaired memory or forgetfulness (AR 574), a suicide attempt (AR 44), and a history of suicidal ideation (AR 317, 439). And although the record may not have included any evidence of paranoia or hallucinations, evidence of such extreme symptoms is not required to clear step two's evidentiary threshold, which is de minimis. *See Edlund*, 253 F.3d at 1159-60 (finding that step two had been satisfied with evidence of a claimant's limitations in areas of mental functioning such as his ability to relate to other people, remember and carry out complex job instructions, and function independently).

Fourth, the ALJ found that Plaintiff "was not entirely compliant with prescribed medication and she was not psychiatrically hospitalized after the alleged onset date despite complaints of suicidal thoughts." (AR 24.) As for the first part of that reason — Plaintiff being not entirely compliant with prescribed medication — the ALJ appeared to be referring to a treatment note stating that Plaintiff was not taking Vyvanse regularly. (AR 558.) But the medical record considered in its overall context reflected a reasonable explanation for Plaintiff's behavior: she temporarily stopped taking Vyvanse because it prevented her from sleeping (AR 560), but she resumed taking it shortly thereafter upon the recommendation of her treating physician (AR 574). The ALJ's finding of non-compliance in those circumstances did not warrant a finding of non-severity. And as for the absence of a psychiatric hospitalization, this reason presumes an evidentiary standard that is more demanding than the de minimis standard at step two. *See, e.g., Efrem v. Colvin*, 2013 WL 990674, at *4 (C.D. Cal. Mar. 11, 2013) ("Although evidence of episodes of decompensation or psychiatric hospitalization likely would suffice to establish a severe mental impairment, such evidence is unnecessary to pass the 'de minimis' severity threshold."); *French v. Astrue*, 2010 WL 2803965, at *6 (C.D. Cal. July 15, 2010) ("A claimant may suffer from a mental impairment without having been hospitalized for that limitation. Thus, it appears that the ALJ applied

1    more than a de minimis test and his conclusion at step two that Plaintiff does not

2    suffer from a severe mental impairment was error.").

3        In sum, the reasons articulated by the ALJ were not legally sufficient to reject

4    the opinions of the three physicians, particularly the examining psychiatrist, who

5    found Plaintiff had limitations in mental functioning that were consistent with a

6    severe mental impairment.

7

8        **b.    findings of the treating physicians.**

9        In any event, even if it is assumed that the ALJ did articulate legally

10   sufficient reasons to reject the opinions of the three physicians discussed above, the

11   other findings by the two treating physicians, Dr. Awasthi and Dr. Chang, would

12   have been enough by themselves to clear the de minimis threshold at step two.

13       Dr. Awasthi and Dr. Chang diagnosed Plaintiff at various times with mental

14   impairments such as a mood disorder (AR 320); bipolar disorder (AR 562, 573,

15   582); a major depressive disorder (AR 550, 580, 597, 613); and adult attention

16   deficit hyperactivity disorder (AR 575, 580, 592, 597).  Plaintiff's treatment

17   included Ativan (AR 303); Lexapro (AR 321, 439, 449); Vyvanse (AR 558, 574,

18   601, 636); Seroquel (AR 562); Cymbalta (AR 591, 601, 638); and cognitive

19   behavioral therapy (AR 579, 636).  In the treating physicians' view, Plaintiff's

20   mental limitations reflected that she had "difficulties with concentrations and mood

21   swings" (AR 320); had "very poor attention, difficulty concentrating, and

22   hypervigilance in regard to her pain" (AR 550); had appeared "quite disorganized

23   with poor attention" (AR 558); had "deficits with concentration, thought

24   disorganization, forgetfulness and inability to complete tasks" (AR 574); had

25   "significant attention problems" (AR 579); "still [had] quite a bit of difficulty

26   focusing and attending to tasks" (AR 613); had mental symptoms that rendered her

27   "quite impaired" (AR 638); and had "difficulties with attention and concentration

28   and focusing" (AR 647).

These medical findings by the treating physicians were sufficient to show that Plaintiff's mental impairments imposed more than a minimal effect on her ability to work, thus clearing the de minimis standard of step two. *See Edlund*, 253 F.3d at 1159-60 (holding that an ALJ's non-severity determination at step two was erroneous where the evidence reflected claimant's depression rendered his mental abilities as "seriously limited," "fair," or "poor"); *Bustamante v. Massanari*, 262 F.3d 949, 956 (9th Cir. 2001) (same where the evidence reflected claimant's mental problems imposed limitations that were moderate or marked, and rendered him "quite functionally impaired"); *Holzberg v. Astrue*, 679 F. Supp. 2d 1249, 1261 (W.D. Wash. 2010) (same where the evidence indicated claimant had moderate limitations in several areas of mental functioning).

### 3. Conclusion.

For the foregoing reasons, the ALJ's conclusion at step two that Plaintiff did not have a severe mental impairment was not clearly established by the medical evidence. Thus, the part of Plaintiff's claim of disability based on her mental impairments should not have been dismissed at that step.

The error was not harmless. An ALJ's failure to designate an impairment as severe at step two may be harmless if the ALJ nonetheless incorporates the functional limitations from that impairment in the remaining steps of the five-step evaluation. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (concluding that any failure to list bursitis as severe at step two was harmless error where the ALJ considered any functional limitations imposed by the bursitis at step four); *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005) (concluding that any failure to list obesity as severe at step two was harmless error where the ALJ considered any functional limitations imposed by the obesity at steps three and five and in the residual functional capacity determination). Here, however, the ALJ did not incorporate any mental functional limitations in the remaining steps of the five-step

evaluation, including the residual functional capacity determination. (AR 24.)
Thus, since the error was not harmless, reversal of the Commissioner's decision on
this basis is warranted.

**B.      Remand for Further Administrative Proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for
an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*,
808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first
determine that the ALJ made a legal error, such as failing to provide legally
sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it
must next review the record as a whole and determine whether it is fully developed,
is free from conflicts and ambiguities, and all essential factual issues have been
resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error as discussed above, the record on
the whole is not fully developed, and essential factual issues remain outstanding.  In
particular, because the legal error here occurred at step two of the five-step analysis,
the case should be remanded for further administrative proceedings for
reconsideration of the five-step analysis to reflect that Plaintiff has a severe mental
impairment. *See Edlund*, 253 F.3d at 1160 (remanding for further administrative
proceedings to reconsider the five-step analysis so as to reflect the claimant's
severe mental impairment).  More generally, the discounted evidence of Plaintiff's
mental impairments raises factual conflicts about Plaintiff's level of functioning
that "should be resolved through further proceedings on an open record before a
proper disability determination can be made by the ALJ in the first instance." *See
Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775
F.3d at 1101 (remand for award of benefits is inappropriate where "there is
conflicting evidence, and not all essential factual issues have been resolved")
(citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d

1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: Sept. 17, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE